```
           IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                  *
ZEINAB RABOLD,
                                  *
     Plaintiff,
                                  *
v.                                        CIVIL NO.: WDQ-06-3089
                                  *
BALTIMORE POLICE DEPARTMENT,
et al.,                           *

     Defendants.                  *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Zeinab Rabold has sued the Baltimore Police Department (the "BPD"), and the Mayor and City Council of Baltimore (the "City") for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"),[1] 42 U.S.C. § 1981, and the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983.

Pending are Rabold's motion for leave to file an amended complaint and the BPD's motion to dismiss. For the following reasons, Rabold's motion will be denied, and the BPD's motion to dismiss will be granted.

---

[1] Pub. L. No. 88-352, 78 Stat. 253, codified as 42 U.S.C. §§ 2000e to 2000e-17.

I.  Background

Rabold is an African-American woman employed by the BPD from 1982 until her termination on November 10, 2004.  Compl. ¶ 5.

In April 2004, Rabold was promoted to Chief of the BPD's Internal Affairs Division (the "IAD") by then BPD commissioner Kevin Clark.  *Id*. ¶ 8; BPD's Mem. in Supp. of Mot. to Dismiss 1.

The BPD recommended to Mayor Martin O'Malley and Deputy Mayor Michael Enright, both Caucasian males, that Rabold be given an 8% pay increase, which was commensurate with those of Caucasian male BPD employees who were promoted to chief at the same time.  Compl. ¶ 12.  Although O'Malley and Enright approved the 8% pay increase for the Caucasian male chiefs, they reduced Rabold's pay increase to 3%.  *Id*.

Rabold alleges that from the time of her promotion to her termination, O'Malley repeatedly harassed her by making statements to Clark that she was incompetent and unqualified for her position, but made no such statements about the Caucasian male chiefs.  *Id*. ¶ 13.

During the same period, Rabold alleges that City Solicitor Ralph Tyler, a Caucasian male, interfered with the performance of her duties and illegally directed her to halt certain investigations.  *Id*.

On November 10, 2004, O'Malley ordered the BPD to terminate Rabold's employment. *Id*.

On June 10, 1995, Rabold filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission and the U.S. Department of Labor's Civil Rights Center. She received her right-to-sue letter on August 24, 2006.

On November 11, 2006, Rabold filed her Complaint.

II.  Rabold's Motion for Leave to Amend her Complaint

II.A.   Standard of Review

II.A.1.  Leave to Amend

Under Federal Rule of Civil Procedure ("Rule") 15(a), after a responsive pleading has been served, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "The law is well settled that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks omitted).  "[T]o deny leave to amend. . . delay must be accompanied by prejudice, bad faith, or futility." *Id*.

A proposed amendment to a complaint is futile if it would not withstand a motion to dismiss under Rule 12(b)(6).  *Classen Immunotherapies, Inc., v. King Pharms., Inc.*, 403 F. Supp. 2d 451, 459 (D. Md. 2005); *see also Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995).

II.A.2.  Dismissal for Failure to State a Claim

Under Rule 12(b)(6), a motion to dismiss for failure to state a claim for relief should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Mylan Labs., Inc. v. Raj Matkari, et al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).

The court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan*, 7 F.3d at 1134; but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), nor "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

II.B.  Analysis

The Court notes as a preliminary matter that Rabold's motion does not comply with Local Rule 103.6, which requires that the movant "file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold type." D. Md. R. 103.6.  The failure to clearly denote proposed changes causes an unnecessary waste of judicial resources.

Substantively, the proposed amendment recasts the complaint into four causes of action: (1) race-based discrimination under Title VII (Count I); retaliation under Title VII (Count II); race-based discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983 (Count III), and race-based discrimination under 42 U.S.C. § 1981 (Count IV).  Pl.'s Proposed Am. Compl. ¶¶ 29, 32(2),[2] 33(2), 37.

The proposed amendment apparently drops Rabold's claims of gender discrimination.  Although paragraph 4 alleges "unlawful discriminatory acts . . . were based upon Rabold's "race, color

---

[2] The proposed amended complaint repeats use of the same paragraph numbers; "32(2)" and "33(2)" denote the second sequentially numbered paragraphs 32 and 33.

and gender," gender-based discrimination does not reappear in the four counts.  *Id*. ¶ 4.

Rabold makes the same four underlying allegations of discrimination to support her causes of action in Counts I and II: (1) denial of a pay increase; (2) hostile work environment; (3) retaliation; and (4) her termination.  *Id*. ¶¶ 32(2), 33(2). Count I should logically rest only on the allegations indicating race-based discrimination: the denied pay increase, hostile work environment, and termination.  Count II obviously concerns only Rabold's allegations of retaliation.

Counts III and IV rely only on the allegations of the denied pay increase, hostile work environment, and retaliation. *Id*. ¶¶ 33(2), 37.  Although a cause of action for retaliation for activities protected under Title VII is recognized under § 1981, *e.g., Bryant v. Aiken Regional Medical Centers Inc.*, 333 F.3d 536, 543 (4th Cir. 2003), there is no recognized right to be free from such retaliation under the Equal Protection Clause. *Bernheim v. Litt*, 79 F.3d 318, 323 (2d Cir. 1996); *Ratliff v. DeKalb County,* 62 F.3d 338, 340-41 (11th Cir. 1995); *cf. Gray v. Lacke,* 885 F.2d 399, 414 (7th Cir. 1989), *cert. denied,* 494 U.S. 1029 (1990) (claim for retaliation must be brought under Title VII, not under the equal protection clause); *Onan v. County of Roanoke, Va.*, No. 94-1770, 52 F.3d 321, 1995 WL 234290, at *3

(4th Cir. Apr. 21, 1995) (unpublished opinion) (§ 1983 action may not be based solely on a violation of rights created by Title VII). Thus, Count IV would only be supported by the allegations of the denied pay increase and hostile work environment.

As with the Complaint, the proposed amendment's allegations that Rabold was unlawfully denied a pay increase and subjected to a hostile work environment only implicate the City. Pl.'s Proposed Am. Compl. ¶¶ 8-14, 17-21, 26.

Rabold argues that new allegations in the proposed amended complaint show that she was discriminated against by Commissioner Leonard Hamm, who replaced Clark the day Rabold was terminated, and the BPD's fiscal division chief, Edward Ambrose. Those allegations are limited in time to the circumstances of and subsequent to her termination on November 10, 2004. *Id*. ¶¶ 22-27. Thus, to avoid denial of her motion for futility, Rabold's proposed amendment must aver that her termination by the BPD was racially motivated, or was in retaliation for activity protected under Title VII.

II.B.1.  Discriminatory Discharge

If a plaintiff lacks direct evidence of discriminatory intent behind her termination, she may proceed by establishing a *prima facie* case of presumed discrimination under the framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 807 (1973).  To establish such a rebuttable presumption, Rabold must show that:

> (1) she is a member of a protected class; (2) she suffered [an] adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class.

*Miles v. Dell, Inc.*, 429 F.3d 480, 485, 488 n.5 (4th Cir. 2005) (internal quotation marks omitted).  The elements required to establish a *prima facie* case of discriminatory discharge are the same whether proceeding under Title VII, § 1981, or § 1983. *Gairola v. Com. of Va. Dept. of General Services*, 753 F.2d 1281, 1285-86 (4th Cir. 1985).

Rabold's proposed amended complaint fails to raise a rebuttable presumption of discriminatory discharge against the BPD because she does not allege that her performance at the time of her termination met her employer's legitimate expectations, or that her position remained open or was filled by a similarly qualified non-African-American applicant.

II.B.2.  Retaliation

Title VII protects an employee from discrimination in retaliation for her having "opposed any practice made an unlawful employment practice by [Title VII], or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."  42 U.S.C. § 2000e-3(a).

To establish a *prima facie* case of retaliation under Title VII or § 1981, the plaintiff must prove that: (1) she engaged in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) there was a causal connection between the protected activity and the adverse action.  *E.g., Bryant v. Aiken Reg'l Medi. Ctrs. Inc.*, 333 F.3d 536, 543 (4th Cir. 2003);

Rabold's proposed amended complaint states that she "continually complained to [Clark] concerning the recommended salary increase."  Pl.'s Proposed Am. Compl. ¶ 14.  But she does not indicate that those complaints to her supervisor alleged disparate treatment because of her protected class.

Rabold further alleges that, "in her capacity as Chief of the IAD, [she] noticed that certain African[-]American police officers were being treated more harshly in the BPD's

9

disciplinary process," and "[sought] to eliminate racially based disparities in the BPD's disciplinary process." *Id.* ¶¶ 15, 16. The actions she allegedly took to that end, however, do not qualify for Title VII's protection. Rabold alleges that she initiated or oversaw the investigations of several Caucasian male BPD employees for such alleged conduct as the assault of a juvenile, violating a direct order, overtime abuse, and "various violations of the BPD's rules and regulations." *Id.* ¶¶ 15, 16. These allegations do not aver that Rabold took action to oppose an unlawful employment practice under Title VII, or that she initiated or participated in any investigation into such prohibited practices.

As the proposed amended complaint thus fails to state a claim for relief against the BPD, the amendment would be futile, and the motion for leave to amend will be denied.

II.C.  Amendment as a Matter of Course

Rabold alternatively argues in her Reply that she has a right to amend her Complaint without the Court's leave because the BPD has not filed a responsive pleading.

Under Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."  Fed. R. Civ. P. 15(a).

The BPD's motion to dismiss is not a responsive pleading for the purposes of Rule 15(a).  *Domino Sugar Corp. v. Sugar Workers Local Union 392 of United Food and Commercial Workers Int'l Union*,  10 F.3d 1064, 1068 (4th Cir. 1993).  However, the City filed its Answer on January 24, 2007.  Paper No. 6.

Although the Court finds no Fourth Circuit guidance on the issue, other courts of appeals have held that if an amendment affects one or more defendants who have not served a responsive pleading, then the plaintiff may amend the complaint as a matter of course with regard to those defendants who have yet to answer.  *Williams v. Board of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007); *Barksdale v. King*, 699 F.2d 744, 747 (5th Cir. 1983) (*citing* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1481 (1971)).

The changes in Rabold's proposed amendment, however, are extensive and not limited to the claims and against the BPD.  As noted above, the proposed amendment significantly recasts Rabold's claims against the BPD and the City.  Moreover, the proposed amendment adds allegations with respect to the City as well.  Pl.'s Proposed Am. Compl. ¶¶ 6, 8, 9, 11, 13, 17, 19-21.

III. The BPD's Motion to Dismiss

As Rabold's motion to amend will be denied, the Court may consider the BPD's motion to dismiss the original Complaint.

As stated above, the Complaint fails to suggest the BPD's involvement in the City's denial of a pay increase or the alleged hostile work environment.  Compl. ¶¶ 12-13.  Unlike the proposed amendment, the Complaint lacks any mention of unlawfully discriminatory conduct by Hamm, Ambrose, or any other agent of the BPD.  Moreover, Rabold's allegations for violations under § 1981 and the Equal Protection Clause under § 1983 only allege violations against the City.  Compl. ¶¶ 18-21, 24, 25.

Accordingly, the Complaint fails to state a claim against the BPD, and the motion to dismiss will be granted.

IV. Conclusion

For the reasons stated above, Rabold's motion for leave to file an amended complaint will be denied, and the BPD's motion to dismiss will be granted.

| | |
|---|---|
| _June 26, 2007_ | _____/s/_____ |
| Date | William D. Quarles, Jr. |
| | United States District Judge |